United States District Court
Southern District of Texas
**ENTERED**
March 04, 2021
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION

No. 3:21-CV-0043

ROBBIE DUANE CRUISE, TDCJ #00804906, PETITIONER,

v.

BOBBY LUMPKIN, RESPONDENT.

## ORDER TO TRANSFER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Petitioner Robbie Duane Cruise, an inmate in the custody of the Texas Department of Criminal Justice—Correctional Institutions Division ("TDCJ"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges a 2010 conviction from Harris County. After reviewing the pleadings, the court concludes that this action must be transferred to the Houston Division for reasons set forth briefly below.

Because the petitioner is in custody pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is determined by the place of conviction or the place of confinement, as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). The Fifth Circuit has emphasized that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of only two places: (1) the district in which the state-court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

Harris County, where this challenged state-court conviction was entered, is located in the Southern District of Texas, Houston Division. *See* 28 U.S.C. § 124(b)(2). The C. T. Terrell Unit, where the petitioner is incarcerated, is located in Brazoria County, which is in the Southern District of Texas, Galveston Division. *See* 28 U.S.C. § 124(b)(1). Although the petition was properly filed here for purposes of § 2441(d), the challenged conviction has no ties to the Galveston Division. Under these circumstances, and in the interest of justice, a transfer to the Houston Division is appropriate. *See* 28 U.S.C. § 1404(a); *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (concluding that the division of conviction, where witnesses were located, was a more appropriate venue than the division of confinement in challenge to conviction).

In the exercise of its discretion and in furtherance of justice, the court will transfer the petition pursuant to § 2241(d) and Southern District policy. *See* General Order of May 30, 1985 (dictating that challenges to the conviction go to the division within the district where the conviction was entered).

Therefore, the Clerk of Court is ordered to transfer this habeas action to the United States District Court for the Southern District of Texas, Houston Division, and to provide a copy of this order to the parties.

Signed on Galveston Island this __4th__ day of __March__, 2021.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE